UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DARNELL MAYS,

        Plaintiff,

   v.                                               Case No. 21-cv-796-bhl

WESLEY BEBO, *et al.*,

        Defendants.

## DECISION AND ORDER

      Plaintiff Antontio Darnell Mays is representing himself in this section 1983 lawsuit. The Court screened the complaint on August 2, 2021 and allowed Mays to proceed with a claim that defendants Wesley Bebo, Ashley Delfosse, and Brian McDonald were deliberately indifferent towards extremely cold conditions of confinement at the Green Bay Correctional Institution between November 7, 2019 and December 15, 2019. Dkt. No. 7. On December 7, 2021, the defendants filed a motion for partial summary judgment based on Mays' failure to exhaust administrative remedies prior to bringing this lawsuit. Dkt. No. 14. Mays filed materials in opposition to the motion on December 15, 2021, *see* Dkt Nos. 19-21, and the defendants filed materials in reply to the motion on December 28, 2021, *see* Dkt. No. 22.

      Discovery closed on March 7, 2022; and dispositive motions on the merits were due April 7, 2022. Dkt. No. 13. On March 29, 2022, the Court stayed the deadline to file dispositive motions on merits pending resolution of the exhaustion motion. Dkt. No. 25. For the reasons explained below, the Court will grant the defendants' motion for partial summary judgment and dismiss all claims other than those arising from the November 7, 2019 inmate complaint. The Court will also lift the stay and set a new deadline for dispositive motions on the merits.

## UNDISPUTED FACTS

Mays is an inmate who has been confined at the Green Bay Correctional Institution (GBCI) since May 2019. Dkt. No. 16, ¶1. While at GBCI, Mays filed three inmate complaints related to extremely cold cell conditions. *Id*., ¶¶8, 13, 16; *see also* Dkt. No. 17-1. Only two of those inmate complaints relate to the time period relevant to this case.[1] *See* Dkt. No. 17-2 and Dkt. No. 17-4.

On November 7, 2019, Mays submitted inmate complaint GBCI-2019-19433. Dkt. No. 16, ¶¶8-12; *see also* Dkt. No. 17-2. That inmate complaint identified the "date of incident" as November 7, 2019. Dkt. No. 17-2 at 10. The inmate complaint stated,

> "It is to[o] cold in this cellroom and cell hall, I done caught a cold because all day it is cold. I talked to the CO officers and Sgt about cutting on the heat. It's to[o] cold in this cell and SCH Cell Hall and I keep getting sick with a running noise [sic]."

*Id*. The Institution Complaint Examiner (ICE) recommended dismissing the inmate complaint; and the Warden adopted the recommendation and dismissed the inmate complaint on November 8, 2019. *Id*. at 2-3. Mays appealed the decision to the Corrections Complaint Examiner (CCE), who recommended dismissing the appeal. *Id*. at 5 & 11. The Office of the Secretary of the Department of Corrections (OOS) adopted the recommendation and dismissed the appeal on December 10, 2019. *Id*. at 6.

About a month later, on January 23, 2020, Mays filed a lawsuit in the United States District Court for the Eastern District of Wisconsin alleging extremely cold cell conditions between December 11, 2019 and December 15, 2019. Dkt. No. 16, ¶3; *see also Mays v. Chapman et al.*, Case No. 20-cv-105-bhl, Dkt. No. 1. The Court granted the defendants' motion for summary judgment based on failure to exhaust administrative remedies. Dkt. No. 16, ¶¶4-5. The Court

---

[1] The third inmate complaint regarding extremely cold cell conditions (GBCI-2021-19433) involves allegations from March 2021. Dkt. No. 16, ¶¶13-15; *see also* Dkt. No. 17-3.

2

concluded that Mays had not filed *any* inmate complaints related to the December 2019 time period, and the "continuing violation" doctrine did not apply such that inmate complaint GBCI-2019-19433 involving the November 7, 2019 incident covered the December 2019 time period. *See Mays v. Chapman*, Case No. 20-cv-105-bhl, Dkt. No. 34 at 4-6. The Court explained that the temperature in Wisconsin can change drastically between early November and mid-December, and an inmate complaint about cell temperatures in early November does not equate to a complaint about cell conditions more than a month later in December. *Id*. The Court dismissed the case without prejudice on April 28, 2021. *Id*.

A few weeks later, on May 7, 2021, Mays submitted inmate complaint GBCI-2021-7148. Dkt. No. 16, ¶¶16-18; *see also* Dkt. No. 17-4. That inmate complaint identified the "date of incident" as "11-7-19 to 12-15-19." Dkt. No. 17-4 at 6. The inmate complaint explained that it had been extremely cold in his cell hall and cellroom between 11-7-19 to 12-15-19 and staff refused to turn up the heat, causing him to get very sick. *Id*. The inmate complaint did not request to file the inmate complaint late nor did it have any explanation for why he was filing the inmate complaint almost two years after the alleged incident. *Id*. The ICE "rejected" that inmate complaint on May 28, 2021 as beyond the 14 calendar day limit. *Id*. at 2-4. Mays did not appeal the rejection of his inmate complaint to the Reviewing Authority (RA). Dkt. No. 16, ¶19.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if

3

"the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party asserting that a fact is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

The defendants assert that they are entitled to partial summary judgment because inmate complaint GBCI-2021-7148 regarding extremely cold cell conditions between November 7, 2019 and December 15, 2019 was "rejected" as untimely filed; therefore, any claims arising from that inmate complaint are unexhausted. Dkt. Nos. 15 & 22. They state that Mays only properly exhausted inmate complaint GBCI-2019-19433 regarding extremely cold cell conditions on November 7, 2019, so Mays is limited to only those claims arising from that inmate complaint. *Id*.

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *See Chambers v. Sood,* 956 F.3d 979, 983 (7th Cir. 2020) (citing *Lockett v. Bonson*, 937 F.3d 1016,

4

1025 (7th Cir. 2019)). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) and *Schillinger v. Kiley*, 954 F.3d 990, 995–96 (7th Cir. 2020)).

Wisconsin has established the Inmate Complaint Review System (ICRS) to review inmate grievances. Wis. Admin. Code § DOC 310.05. Inmates must file an inmate complaint with the ICE within 14 days of the relevant occurrence. Wis. Admin. Code § DOC 310.07(2). The inmate complaint must provide enough facts to give defendants "notice of, and an opportunity to correct, a problem." *Price v. Friedrich*, 816 F. App'x 8, 10 (7th Cir. 2020) (quoting *Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020)). "At the discretion of the ICE, a late complaint may be accepted for good cause." § DOC 310.07(2). "An inmate shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id*. The ICE may "reject" an inmate complaint for a variety of reasons including submitting the complaint "beyond 14 days after the date of the occurrence giving rise to the complaint and provid[ing] no good cause" for extending the time limits. § DOC 310.10(6)(e). An inmate may appeal a rejected inmate complaint to the RA within 10 days; the RA's decision is final. § DOC 310.10(10).

An inmate complaint that is "rejected" based on a procedural defect, such as untimely filing, does not fulfill the exhaustion requirement. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005); *see also Webb v. Bender*, 717 Fed. Appx 642, 644 (7th Cir. 2018). This is true because "the benefits of exhaustion" can be realized only if the prison grievance system is given a fair opportunity to consider the grievance on the merits. *Woodford v. Ngo,* 548 U.S. 81, 95 (2006). If noncompliance with the procedural rules "carries no significant sanction," a prisoner who does not want to participate in the prison grievance system "will have little incentive to comply with the system's procedural rules." *Id*. Indeed, the prisoner would be able to file deficient inmate

5

complaints then proceed directly to federal court, wholly bypassing the institution's review of the merits. *Id*.

The undisputed evidence shows that inmate complaint GBCI-2021-7148 regarding extremely cold conditions between November 7, 2019 and December 15, 2019 was "rejected" on a procedural ground for being untimely filed; therefore, the institution did not investigate and resolve the problem on the merits. As a result, any claims arising from that inmate complaint are unexhausted. Mays argues that he was entitled to file his inmate complaint late simply because this Court dismissed his prior lawsuit "without prejudice" for the purpose of allowing him to exhaust his administrative remedies. Dkt. No. 19. But the DOC exhaustion rules specifically provide that the ICE will accept a late complaint for "good cause" only if the plaintiff "request[s] to file a late complaint in the written complaint and explicitly provide[s] the reason for the late filing." § DOC 310.07(2). Here, Mays did not satisfy this requirement. He did not ask in the written inmate complaint to file his inmate complaint late. Nor did he explicitly provide any explanation for why he was filing the inmate complaint almost two years after the alleged incident. The ICE therefore properly rejected his inmate complaint on a procedural ground, and a properly rejected inmate complaint does not satisfy exhaustion.

Mays states that he attempted to "appeal" his rejected inmate complaint to the CCE to explain why he was filing late. *See* Dkt. No. 20-1 at 4. But the CCE does not review "rejected" inmate complaints; the RA reviews rejected inmate complaints. And the inmate complaint rejection notice that Mays received specifically told Mays where to file the appeal of his rejected inmate complaint. *See* Dkt. No. 17-4 at 3. Mays maintains that the CCE improperly refused to "accept" his inmate complaint rejection appeal because "it was on the wrong DOC form." *See* Dkt. No. 23 at 2. But the CCE clearly explained to Mays that it would not "accept" his appeal because it was not the correct entity to review a "rejected" inmate complaint. *See* Dkt. No. 20-1

6

at 5. Despite this explanation, Mays still did not attempt to file an appeal (whether or not it was on the correct DOC form) with the correct entity (the RA). Therefore, Mays also failed to exhaust his administrative remedies because he did not properly appeal his rejected inmate complaint to the RA.

Based on the record, the Court is satisfied that Mays failed to exhaust his administrative remedies with respect to inmate complaint GBCI-2021-7148 and the defendants are entitled to partial summary judgment on all claims other than those arising from inmate complaint GBCI-2019-19433 involving the November 7, 2019 incident. The Court will therefore grant the defendants' motion for partial summary judgment, lift the stay, and set a new deadline for dispositive motions on the merits.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the defendants' motion for partial summary judgment based on failure to exhaust administrative remedies (Dkt. No. 14) is **GRANTED.** All claims other than those arising from inmate complaint GBCI-2019-19433 involving the November 7, 2019 incident are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that the stay is **LIFTED** and the parties may file dispositive motions on the merits within **30 days** of this order.

Dated at Milwaukee, Wisconsin on April 14, 2022.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge