UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DARNELL MAYS,

    Plaintiff,

    v.                                            Case No. 21-cv-796-bhl

WESLEY BEBO, *et al.*,

    Defendants.

## DECISION AND ORDER

Plaintiff Antonio Darnell Mays, who is representing himself, is proceeding on an Eighth Amendment claim that Defendants confined him in an extremely cold cell on November 7, 2019. Dkt. No. 26. Discovery closed March 7, 2022; and dispositive motions were due May 16, 2022. Dkt. No. 13 & 26. On May 16, 2022, Defendants filed a motion for summary judgment. Dkt. No. 31. Mays also filed two motions for summary judgment, one timely, *see* Dkt. No. 27, and one not, *see* Dkt. No. 41. Because no reasonable jury could conclude that Mays was exposed to unconstitutionally cold conditions on November 7, 2019, the Court will grant Defendants' motion for summary judgment, deny both of Mays' motions, and dismiss the case.

### FACTUAL BACKGROUND

Mays is an inmate at the Green Bay Correctional Institution, where Defendants Ashley Delfosse, Brian McDonald, and Wesley Bebo are correctional officers. Dkt. No. 33, ¶¶1-4. On November 7, 2019, Mays complained to Defendants that his cell-room and cell-hall were cold. Dkt. No. 29, ¶3. They allegedly refused to call maintenance staff to turn up the heat. Dkt. No. 45, ¶13. Mays explains that he could not close the door between his cell-room and the cell-hall because it had "open cell-room doors" and that he wore a coat and hat inside his cell but he was still cold.

*Id*., ¶¶13, 16-18, 20.  Mays notes that even Defendants were wearing a coat and hat that day while doing rounds.  Dkt. No. 28 at 2.

According to Defendants, Delfosse and Bebo worked on South Cell Hall from 6:00 a.m. to 2:00 p.m. on November 7, 2019; and McDonald worked throughout the institution as an "escort sergeant" from 8:00 a.m. to 4:00 p.m. that day.  Dkt. No. 33, ¶¶8-11.  Defendants claim that none of them remember Mays asking them to turn up the heat because it was cold.  *Id*., ¶12.  They further explain that security staff have no control over the cell-hall temperature and it is not a part of their job responsibilities to control the temperature.  *Id*., ¶14.

Bill Doney has been the maintenance superintendent at the institution since March 2021.  *Id*., ¶5.  In this position, he manages the daily operations of the maintenance department and has access to all the maintenance records at the institution.  *Id*.  Doney explains that the heat is set between 68 degrees and 72 degrees throughout the institution.  *Id*., ¶7.  Each cell-hall has four air handlers.  *Id*.  Doney has checked the relevant maintenance records and there were no mechanical problems with any of the air handlers in South Cell Hall on November 7, 2019 nor were there any work orders for cell E-16 on November 7, 2019.  *Id*., ¶¶17-19.  If anyone (inmate or staff) had complained about it being extremely cold in South Cell Hall, maintenance staff would have conducted a thermal check of the area, and there would be a record of the issue and a record of any repair that was done.  *Id*., ¶¶13, 16.  Defendants explain that Mays can dress appropriately to stay warm, *i.e*., wear pants, a shirt, and a sweatshirt.  *Id*., ¶20.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011).  "Material facts" are those under the applicable substantive law that "might affect the

2

outcome of the suit." *Anderson*, 477 U.S. at 248.  A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  The party asserting that a fact is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

Defendants assert that they are entitled to summary judgment because Mays was not exposed to unconstitutionally cold conditions on November 7, 2019.  Dkt. No. 32.  They argue that Mays has not put forth any evidence from which a reasonable jury could conclude that the temperature in his cell dropped to levels sufficient to trigger constitutional protection.  *Id.* at 5-8.  They also contend they were not aware of his complaints of a cold cell, so they could not have been deliberately indifferent, and Mays has no evidence that his allegedly cold cell ultimately caused his illness.  *Id*. at 8-9.

It is well-established that prisoners are entitled to "the minimal civilized measure of life's necessities," including protection from extreme cold.  *Antonelli v. Sheahan,* 81 F.3d 1422, 1433 (7th Cir. 1996) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The Seventh Circuit has set forth specific factors to consider when determining whether cold temperatures rise to the level of a constitutional violation: the severity of the cold, the duration of the cold, whether the prisoner has alternative means to protect himself from the cold, the adequacy of such alternatives, and

3

whether the prisoner must endure other uncomfortable conditions as well as the cold. *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997). To survive summary judgment, Mays must put forth specific and objective evidence from which a reasonably jury could conclude that he was exposed to unconstitutionally cold conditions. *See e.g. Dixon,* 114 F.3d at 642 (temperatures in cell averaging 40 degrees and regularly falling below freezing for four consecutive winters); *Gillis v. Litscher,* 468 F.3d 488, 490 (7th Cir. 2006) (inmate spent five days naked in a cell with only a bare concrete slab to sleep on, and the cell was so cold that the inmate had to walk 14 hours a day to stay warm); *Del Raine v. Williford,* 32 F.3d 1024, 1031 (7th Cir. 1994) (inmate was repeatedly placed naked in cell with an open window and an outdoor wind chill of 40 to 50 degrees below zero); *Henderson v. DeRobertis,* 940 F.2d 1055, 1057–58 (7th Cir. 1991) (inmate endured four days of sub-zero temperatures, broken heat system and windows, coupled with refusal to provide extra blankets or winter clothing); *Cooper v. Guider*, No. 19-CV-159-JDP, 2020 WL 6684697, at *10 (W.D. Wis. Nov. 12, 2020) (inmate's description of his cell as "ice cold' and feeling like "ten below zero" was "purely subjective" and insufficient to raise a genuine dispute of material fact absent objective measures of cold temperatures such as "broken windows, window frost, or freezing water.").

Mays has not come forward with sufficient evidence for a reasonable jury to conclude that he was exposed to unconstitutionally cold conditions on November 7, 2019. To the contrary, Defendants have come forward with evidence establishing that the institution's temperature is set between 68-72 degrees; that there were no mechanical problems with any of the air handlers in South Cell Hall on November 7, 2019; and that there were no work orders for cell E-16 on November 7, 2019. They assert that Mays had access to appropriate clothing to keep warm. And they note that Mays admits he had a coat and hat to keep warm.

In response, Mays has not put forth enough specific evidence to genuinely dispute those facts. Mays provides no specifics about the alleged severity of the cold on the day in question.

4

The record is bare, for example, of the types of evidence needed to create a jury issue (i.e. the outside temperature that day, whether water froze in his cell, whether there was frost on his windows, etc.). Mays also fails to respond to Defendants contentions about his access to other means to protect himself from the cold (i.e. the availability of additional clothing). And he provides no specific factual evidence on whether he had to endure other conditions in addition to the cold (i.e. whether he had access to food, water, sanitation, bedding, and hygienic materials.) Mays' evidence is limited to his vague and subjective statements that it was "extremely cold" and that wearing a coat and hat inside were not enough to keep him warm. That is not enough to create a genuine dispute of material fact. *See Dixon*, 114 F.3d at 644 ("[J]ust because low temperature forces a prisoner to bundle up indoors during the winter does not mean that prison conditions violate the Eighth Amendment."); *see also Cooper*, 2020 WL 6684697, at *10 (concluding that Plaintiff's description of his cell as "ice cold" and feeling like "ten below zero" was "purely subjective" and insufficient to raise a genuine dispute of material fact absent objective measures of cold temperatures such as "broken windows, window frost, or freezing water."). Mays notes that it was cold for almost one month, between November 7, 2019 and December 10, 2019, *see* Dkt. No. 29, ¶4, but the Court has already dismissed any claims that arose after November 7, 2019 because Mays failed to exhaust administrative remedies on those facts. Dkt. No. 26.

In sum, the evidence Mays puts forth does not create any genuine dispute of material fact regarding unconstitutionally cold conditions. At best, it shows that Mays was uncomfortable on November 7, 2019 and discomfort does not violate the constitution. *See Farmer v. Brennan,* 511 U.S. 825, 833–34 (1994) (noting that prison conditions may be uncomfortable and even harsh without violating the Eighth Amendment.); *see also Rhodes*, 452 U.S. at 349 (noting that the Eighth Amendment "does not mandate comfortable prisons."). Defendants are therefore entitled to summary judgment and the Court will grant their motion, deny Mays' motions, and dismiss the case.

# CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 31) is **GRANTED**; Plaintiff's motions for summary judgment (Dkt. Nos. 27 & 41) are **DENIED**; and this case is **DISMISSED**. The Clerk's office shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 17, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

6

Case 2:21-cv-00796-BHL   Filed 01/17/23   Page 6 of 6   Document 48